UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21816-BLOOM

JOHNNY RAY WILLIAMS,

    Plaintiff,

v.

MICHELLE JONES, *et al.*,

    Defendant.

_____/

**ORDER GRANTING MOTIONS TO DISMISS**

**THIS CAUSE** is before the Court upon the Motion to Dismiss filed by Defendant Michelle Jones, ECF No. [24] ("Jones MTD"), and the Motion to Dismiss filed by Defendants Pete Pacheco and the National Union of Security Officers and Guards (the "Union"), ECF No. [49] ("Pacheco MTD"). The Motions are fully briefed.[1] The Court has considered the Motions, the supporting and opposing filings, the record, the applicable law, and is otherwise fully advised. For the reasons stated below, Defendants' Motions are GRANTED.

**I.  BACKGROUND**

Plaintiff Johnny Ray Williams ("Williams") filed his Complaint on June 14, 2022. ECF No. [1]. Therein, he alleges that he was an immigration detention officer employed by Defendant Akima Global Security Services ("Akima Global"), a company contracted by Defendant U.S. Immigration and Customs Enforcement ("ICE")[2] to provide security services at the Krome Detention Center in Miami. *Id.* ¶ 2.

---

[1] *See* ECF Nos. [30] (Williams's Opposition to the Jones MTD), [31] (Jones's Reply), [53] (Williams's Opposition to the Pacheco MTD); [57] (Pacheco and the Union's Reply).

[2] ICE was dismissed on September 27, 2022, for failure to perfect service. ECF No. [59].

On March 12, 2020, Williams "was involved in an incident about a detainee in possession of contraband." *Id.* ¶ 3. The supposed contraband was a rubber band that the detainee used to hold his hair in place. *Id.* Williams ordered the detainee to remove the rubber band. *Id.* The detainee refused to comply and walked toward another detention officer, who said, "its ok Williams, I got him." *Id.* ¶ 4. Williams nonetheless "approached the detainee" to "speak with him about his responses." *Id.* ¶ 5. At that point, a senior detention officer "suddenly rushed over and forcefully pushed [Williams] out of range from speaking with the detainee." *Id.*

The following day, a Project Manager of Akima Global, Defendant Michelle Jones, informed Williams that he was being placed on administrative leave pending investigation. *Id.* ¶ 6. Williams alleges that he was not informed "of the intent of the meeting" and did not have the "privilege to have consulted a union rep." *Id.* He claims that this "disciplinary action without a union representative or shop steward present" violated his "Weingarten Rights." *Id.* (citing 420 U.S. 251 (1975)).

On March 16, 2020, Williams called Defendant Pacheco, the Vice-President of Defendant the National Union of Security Officers & Guards (the "Union"). *Id.* ¶ 10. Williams and Pacheco discussed the incident. *Id.* Pacheco promised to discuss the incident with Jones and then call Williams back. *Id.* Pacheco never called Williams back and refused to answer Williams's subsequent calls. *Id.*

On April 17, 2020, Jones informed Williams that, following the investigation, Akima Global had decided to terminate Williams' employment with the company. *Id.* at ¶ 11. Williams subsequently received a termination letter that did not state the reason for separation. *Id.* He sent an email to Jones requesting an explanation, to which the company responded that Williams "acted in an unprofessional and unauthorized manner towards the subject detainee and other employees on March 12th, 2020." *Id.*

Williams contacted Defendant the National Labor Relations Board ("NLRB")[3] to file a complaint against Pacheco for the Union's failure to represent him. *Id.* ¶ 12. The NLRB attorney assigned to the case allegedly told Williams that Pacheco had reported that Williams "voluntarily quit his job." *Id.* The NLRB attorney asked Williams to provide proof of his phone call to Pacheco on March 16, 2020, which Williams was unable to provide. *Id*. ¶ 14. On July 29, 2020, the NLRB attorney informed Williams that it had decided to dismiss his charge against the Union due to "insignificant evidence to establish a violation of the [National Labor Relations] Act." *Id*. ¶ 14.

Williams alleges that Jones violated multiple provisions of the "Collective Bargaining Agreement" between the Union and Akima Global. *Id*. ¶¶ 15-18. He asserts violations of 41 U.S. § 6503, the 14th Amendment, 18 U.S.C. § 242, 18 U.S.C. § 1001, 5 U.S.C. § 2302, and "420 U.S. 251." *Id.* ¶ 19. Williams does not specify which of the eight Defendants in his Complaint are liable for which of these alleged violations. *Id.*

The Jones MTD seeks dismissal of Williams' complaint for failure to state a claim and for lack of subject matter jurisdiction. *See* ECF No. [24] at 3-4 (citing Fed. R. Civ. P. 12(b)(1) and (b)(6)). The Pacheco MTD argues for dismissal on essentially the same grounds. *See generally* ECF No. [49].

## II.     LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard

---

[3] The NLRB was dismissed on September 27, 2022, for failure to perfect service. ECF No. [59].

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. 5 U.S.C. § 2302

Williams alleges a violation of 5 U.S.C. § 2302, the Civil Service Reform Act of 1978 ("CSRA"), which prohibits "a wide range of personnel practices." *Broughton v. Courtney*, 861 F.2d 639, 642 (11th Cir. 1988). Defendants argue, however, that the CSRA cannot provide Williams relief because it exclusively applies to federal employees and the CSRA does not create a private cause of action. ECF Nos. [24] at 4-5; [49] at 6. Defendants are correct on both points.

4

*See Broughton*, 861 F.2d at 641 n.3 (noting that the CSRA only protects federal employees); *id*. at 642 (no private right of action under the CSRA). As Williams alleges to have been an employee of Akima Global and not the federal government, ECF No. [1] ¶ 2, the CSRA cannot provide him relief. This claim is subject to dismissal.

## B. Breach of Contract Under 41 U.S.C. § 6503

Williams alleges a violation of 41 U.S.C. § 6503(a), which allows a plaintiff to recover damages for breaches of a specific type of contract: "A contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment[.]" *Id*. § 6502. Here, Williams seeks damages for alleged violations of the Collective Bargaining Agreement ("CBA") between Akima Global and the Union. *See* ECF No. [1] at 8-10. Because neither Akima Global nor the Union are agencies of the United States, and the CBA is not a contract "for the manufacture or furnishing of materials, supplies, articles, or equipment," Defendants correctly argue that 41 U.S.C. § 6503(a) cannot provide Williams relief for alleged violations of the CBA. ECF Nos. [24] at 5, [49] at 7; *see also Finnegan v. Greystar*, No. 21-cv-02356, 2021 WL 7707921, at *2 (N.D. Ga. June 14, 2021) ("Section 6503 applies only to a breach of contract made by an agency of the United States[.]"). This claim is dismissed.

## C. Deprivation of Rights Under the 14th Amendment

Williams asserts a claim for relief arising under the Fourteenth Amendment. ECF No. [1] ¶ 20. Defendants argue that this claim must be dismissed because Williams has not alleged an injury caused by state action. ECF Nos. [24] at 6, [49] at 8. Defendants are correct: the Fourteenth Amendment "can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Williams's Complaint is devoid of allegations against Florida or any other state. His Fourteenth Amendment claim is dismissed.

### D. Violations of 18 U.S.C. § 242 and 18 U.S.C. § 1001

Williams brings two causes of action arising under federal criminal law: 18 U.S.C. § 242, which "provides a criminal punishment for" deprivation of rights by a person acting under color of law, *Monroe v. Pape*, 365 U.S. 167, 183 (1961), and 18 U.S.C. § 1001, an anti-fraud statute. Defendants argue that neither of these criminal statutes provide a private right of action. ECF Nos. [24] at 6-7, [49] at 8-9. Defendants are indisputably correct. *See Thibeaux v. U.S. Att'y Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008) (Section 242 "pertain[s] to criminal law and do[es] not provide a civil cause of action or any civil remedies."); *Lichtenberg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015) (holding that § 1001 "does not provide a civil cause of action"). Accordingly, Williams' claims arising under sections 242 and 1001 of Title 18 are dismissed.

### E. Violations of Williams' *Weingarten* Rights

Williams's final claim is a violation of his *Weingarten* rights of the National Labor Relation Act. ECF No. [1] at 10 (citing *NLRB v. Weingarten, Inc.*, 420 U.S. 251 (1975)). *Weingarten* held that an employer engages in an "unfair labor practice" when it denies an employee's request to have a union representative present at an investigatory interview which might result in disciplinary action. 420 U.S. at 252.

Defendants argue that this claim is subject to dismissal because Williams failed to exhaust his administrative remedies before the NLRB. ECF Nos. [24] at 6-7, [49] at 9. In support of this exhaustion argument, Defendants Pacheco and the Union attached to their Motion a letter from the NLRB's Office of the General Counsel informing Williams that the NLRB was closing his case because he did not appeal the NLRB's rejection of his claim. ECF No. [49-1]. Defendants Pacheco and the Union further argue that Williams Complaint does not allege that he *requested* a union official's presence during his conversation with Jones in which she placed him on administrative

leave, nor does is it allege that the conversation with Jones constituted an investigatory interview as contemplated by *Weingarten*. ECF No. [49] at 11.

Williams does not meaningfully contest Defendants'+ arguments as to this claim's deficiencies. *See generally* ECF Nos. [30], [53]. Nor does he contest the authenticity of the NLRB letter attached to the Pacheco MTD. ECF No. [53]. Accordingly, the Court considers the NLRB letter without converting the Motion into one for summary judgment because the letter is "central to the plaintiff's claim" and "undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Defendants are correct that this claim is subject to dismissal. The Complaint alleges that "[u]pon arrival" at Defendant Jones' office, he "was informed by Defendant Jones" that he was being placed on administrative leave pending investigation. ECF No. [1] ¶ 6. There is no allegation that Jones asked Williams anything, so there is no indication that the conversation was an "investigatory interview" within the meaning of *Weingarten*. 420 U.S. at 252. Nor is there an allegation that Williams requested a union representative's presence during that meeting. ECF No. [1] ¶ 6.

Moreover, it is undisputed that Williams has failed to exhaust his administrative remedies. "Before challenging an unfair labor practice in court, a person must first file a charge with an NLRB Regional Director." *Chipp v. Stokes*, No. CV415-020, 2015 WL 4676116, at *2 (S.D. Ga. Aug. 5, 2015). If the charge is dismissed, "the petitioner then has fourteen days to appeal to the NLRB General Counsel." *Id.* (citing 29 C.F.R. § 102.19(a)). "A failure to appeal is a failure to exhaust, and a failure to exhaust is a fatal flaw." *Id.* (citing *Local 926, Int'l Union of Operating Eng'rs, AFL-CIO v. Jones*, 460 U.S. 669, 680 (1983)). Williams attached to his Complaint a letter from the NLRB informing him that it was dismissing his case against the Union. ECF No. [1-1] at 7. That letter informed Williams of his right to appeal to the General Counsel of the NLRB. *Id*. The Complaint does not allege that Williams appealed the NLRB's decision, and the NLRB letter

7

attached to the Pacheco MTD conclusively demonstrates that he did not. Accordingly, Williams's *Weingarten* claim is dismissed for failure to exhaust administrative remedies.

### F. This Case is Dismissed for Lack of Subject Matter Jurisdiction

For the reasons stated in this Order, all of Williams's claims are to be dismissed with prejudice. The deficiencies in Williams's claims are not limited to Williams's claims against Jones, Pacheco, and the Union. Rather, those deficiencies are fatal to Williams's claims against all Defendants in this case, including Akima Global Services, the only other Defendant remaining.[4]

Federal question jurisdiction was the sole basis for this Court's jurisdiction. ECF No. [1] ¶ 1. But Williams' "bare mention" of federal laws and the Fourteenth Amendment – which are plainly inapplicable to the alleged facts of the case – do not confer federal question jurisdiction. *Cornelius v. U.S. Bank Nat'l Ass'n*, 452 F. App'x 863, 863 (11th Cir. 2011). For the reasons stated in this Order, the Complaint "lack[s] any substantial federal question sufficient to invoke its jurisdiction under 28 U.S.C. § 1331." *Id*. "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Thus, even though Defendant Akima Global Services did not file or join the Motions to Dismiss,[5] the Court concludes that this case must be dismissed for lack of subject matter jurisdiction. *See id.*

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[4] All the federal defendants in this case have already been dismissed for failure to perfect service. ECF No. [59].

[5] The likely reason for Akima Global's silence is that it does not appear to have been properly served. Although Williams filed a Return of Service indicating that Jones was personally served, ECF No. [16], that document does not indicate that Akima Global was additionally served, or that the service upon Jones constituted sufficient service as to Akima Global.

Case No. 22-cv-21816-BLOOM

1. Defendants' Motions to Dismiss, **ECF No. [24]** and **ECF No. [49]**, are **GRANTED**.

2. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all pending deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Johnny Ray Williams
3804 NW 207 Drive
Miami, FL 33054
PRO SE