**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-21816-BLOOM**

JOHNNY RAY WILLIAMS,

      Plaintiff,

v.

MICHELLE JONES, *et al.*,

      Defendant.

_____/

## ORDER GRANTING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon the Motion to Dismiss filed by Defendants Pete Pacheco and the National Union of Security Officers and Guards, ECF No. [74] ("Union MTD"), and the separate Motion to Dismiss filed by Defendant Michelle Jones, ECF No. [76] ("Jones MTD"). Plaintiff Williams filed a single Response to both MTDs. ECF No. [77]. Jones filed a Reply. ECF No. [78]. The Court has considered the Motions, Williams's Response, Jones's Reply, the record, the applicable law, and is otherwise fully advised. For the reasons stated below, Defendants' Motions are GRANTED.

## I.      BACKGROUND

Plaintiff Johnny Ray Williams ("Williams") filed his original Complaint on June 14, 2022, alleging that he was unlawfully terminated from his employment with Akima Global Services. ECF No. [1]. He alleged violations of 41 U.S. § 6503, the Fourteenth Amendment, 18 U.S.C. § 242, 18 U.S.C. § 1001, 5 U.S.C. § 2302, and "420 U.S. 251." *Id.* ¶ 19. He named as Defendants Akima Global Services ("Akima"), Akima Project Manager Michelle Jones ("Jones"), the National Union of Security Officers and Guards ("Union"), the Union Vice President Pete Pacheco ("Pacheco"), Immigrations and Customs Enforcement ("ICE"), ICE Acting Director Liana

Castano ("Castano"), the National Labor Relations Board ("NLRB"), and NLRB Attorney Susy Kucera ("Kucera"). *Id*. at 1.

On September 28, 2022, the Court dismissed ICE, Castano, the NLRB, and Kucera for failure to perfect service. *See* Order Dismissing Federal Defendants, ECF No. [59]. On October 7, 2022, the Court dismissed Williams's original Complaint without prejudice as to the remaining Defendants. ECF No. [62]. The Court found that Williams' Complaint failed to state a claim for relief and found that each of his claims was subject to dismissal with prejudice as to those Defendants. *See generally id*. Nonetheless, the Court dismissed the Complaint without prejudice on the ground of subject matter jurisdiction, thus giving *pro se* Plaintiff a chance to amend. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp*., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs).

On November 28, 2022, Williams filed his Amended Complaint. ECF No. [65]. Therein, he names the same Defendants as in his original Complaint and asserts essentially the same facts. *See generally id*. He claims violations of the Fourteenth Amendment, 42 U.S.C. § 1983, 18 U.S.C. § 242, and Williams' "Weingarten Rights 5 U.S.C. § 7114(a)(2)." *Id.* at 1.

In their respective MTDs, the Union and Jones argue that the claims within Williams's Amended Complaint are subject to dismissal for essentially the same reasons as the claims within his original Complaint. *See generally* ECF Nos. [74], [76].  That is, Defendants argue that they do not qualify as state actors for § 1983 or Fourteenth Amendment purposes, 18 U.S.C. § 242 is a criminal statute inapplicable to this civil case, and Williams's *Weingarten* claim is both

insufficiently pled and barred due to Williams's failure to exhaust administrative remedies. *See generally id.*

In his Response, Williams repeats the factual allegations within his Amended Complaint and asserts in a conclusory fashion that he has stated valid grounds for relief against all Defendants. *See generally* ECF No. [77]. However, he does not meaningfully contest Defendants' legal arguments that they are not state actors, that 18 U.S.C. § 242 is wholly inapplicable, and that Williams failed to exhaust his administrative remedies with respect to his *Weingarten* claim. *Id.*

## II.      LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all

3

facts alleged by the non-moving party are accepted as true."). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

As noted above, Williams's Amended Complaint asserts violations of the Fourteenth Amendment, 42 U.S.C. § 1983, 18 U.S.C. § 242, and Williams' "Weingarten Right 5 U.S.C. § 7114(a)(2)." ECF No. [66] at 1. The Court previously determined that Williams's Fourteenth Amendment and 18 U.S.C. § 242 claims fail to state a claim for relief against Pacheco, the Union, and Jones. *See* ECF No. [62] at 5-6. For the reasons stated in the Court's prior order of dismissal, those claims are again dismissed with respect to these Defendants.

Williams's § 1983 claim is the only new claim added to his Amended Complaint. However, the § 1983 claim cannot proceed against Pacheco, the Union, or Jones for the same reasons that Williams's Fourteenth Amendment claim fails. None of these Defendants qualify as a state actor, and Williams has not plausibly alleged that they were otherwise acting under color of law, as required for § 1983 liability. *See Brentwood Academy v. Tenn. Secondary Sch. Athl. Ass'n*, 531 U.S 288, 295-96 (2001). Accordingly, Williams's § 1983 claims against Pacheco, the Union, and Jones are dismissed with prejudice.

Williams styles his final claim as "Weingarten Right 5 U.S.C. § 7114(a)(2)." ECF No. [66] at 1. Williams' reference to "Weingarten" apparently refers to *NLRB v. Weingarten, Inc.*, 420 U.S. 251, 252 (1975), wherein the Supreme Court held that an employer engages in an "unfair labor practice" when it denies an employee's request to have a union representative present at an

investigatory interview which might result in disciplinary action. As explained in the Court's prior

Order of dismissal, Williams's factual allegations do not amount to a violation of *Weingarten*, and,

regardless, Williams's failure to exhaust his administrative remedies is fatal to this claim. ECF No.

[62] at 6-7. To the extent that Williams is attempting to separately assert a violation of 5 U.S.C.

§ 7114(a)(2), the Court agrees with Pacheco and the Union that 5 U.S.C. § 7114(a)(2) "is part of

the labor relation statute governing 'employees of the Federal Government,'" ECF No. [74-1] at 9

(quoting 5 U.S.C. 7103(a)(2)), which Williams does not claim to have been. Accordingly,

§ 7114(a)(2) is inapplicable to this case, and Williams's *Weingarten* claim is dismissed with

prejudice.

For the reasons stated above, the Amended Complaint fails to state a claim for relief against

Pacheco, the Union, or Jones. Having given Williams two opportunities to assert a valid claim for

relief against those Defendants, the Court concludes that further amendment would be futile. *See*

*Miccosukee Tribe of Indians of Fla. v. Jewel*, 996 F. Supp. 2d 1268, 1275 (S.D. Fla. 2013) (noting

that amendment is futile when a Plaintiff's claims "fail as a matter of law under any construction

of the Complaint"). Accordingly, dismissal with prejudice is appropriate.

Moreover, the Court *sua sponte* dismisses Akima Global Services, which has not yet

responded to Williams's Amended Complaint. The Court finds that Defendant Akima is similarly

situated to Jones, an Akima employee, and Williams brings the same meritless claims against

Akima as against Jones.[1]  For the same reasons that the Amended Complaint fails to state a claim

for relief against Jones, it similarly fails with respect to Akima. *Sua sponte* dismissal of Akima is

therefore appropriate because Williams's Complaint is "patently and irremediably insufficient"

---

[1] By contrast, the four federal Defendants who have yet responded cannot be said to similarly situated, both because of their governmental status, and the fact that Williams has apparently attempted to bring different claims against them. *See* ECF No. [66] at 1.

with regard to the non-governmental Defendants. *Macleod v. Bexley*, 730 F. App'x 845, 847 (11th Cir. 2018).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   The Motion to Dismiss, **ECF No. [74]**, is **GRANTED**.

2.   The Motion to Dismiss, **ECF No. [76]**, is **GRANTED**.

3.   Defendants Pete Pacheco, the National Union of Security Officers and Guards, Michelle Jones, and Akima Global Services are **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 21, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Johnny Ray Williams
3804 NW 207 Drive
Miami, FL 33054
PRO SE